IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Janay Cobb, individually and on
behalf of all others similarly
situated,

          Plaintiff,

v.

Resurgent Capital Services, LP,
LVNV Funding LLC, and John
Does 1–25,

          Defendants.

_____/

Case No. 1:19-cv-5833-MLB

## OPINION & ORDER

Plaintiff Janay Cobb brings this putative class action against Defendants Resurgent Capital Services, LP, LVNV Funding LLC, and John Does 1–25 for violations of the Fair Debt Collection Practices Act ("FDCPA"). Defendants move to compel arbitration. (Dkt. 12.) The Magistrate Judge recommends granting the motion. (Dkt. 29.) Plaintiff filed objections, and Defendants responded. (Dkts. 31; 35.) The Court adopts the Magistrate Judge's Report and Recommendation ("R&R") as modified herein.

## I.    Background

In April 2015, Plaintiff opened a credit card account ("Account") with Credit One Bank, N.A. (Dkts. 12-2 at 4; 12-3 at 2–3.) The Account is governed by a written cardholder agreement ("Agreement"). (Dkts. 12-2 at 5, 38–43; 12-3 at 2.) The Agreement includes an arbitration clause, which says: "You and we agree that either you or we may, without the other's consent, require that any controversy or dispute between you and us (all of which are called 'Claims'), be submitted to mandatory, binding arbitration." (Dkt. 12-2 at 42.) The Agreement defines "we" and "us" as "Credit One Bank, N.A., its successors or assigns." (*Id.* at 38.) The Agreement also defines "Claims" to include disputes over "collection matters relating to your account"; "billing"; "the application, enforceability or interpretation of this Agreement, including this arbitration provision"; and "any other matters relating to your account." (*Id.* at 42.)

In November 2015, Credit One assigned the Account to another company. (Dkt. 12-3 at 4.) After a series of further assignments from one company to another, the Account was ultimately assigned to Defendant LVNV in December 2015. (Dkt. 12-2 at 3–4.) Defendant

LVNV retained Defendant Resurgent to service the Account on its behalf. (*Id.* at 2.)

In January 2019, Defendant Resurgent sent Plaintiff a letter about an alleged debt on her Account. (Dkt. 1-1.) Plaintiff filed this lawsuit in December 2019, claiming the letter violated the FDCPA. (Dkt. 1.) Defendants moved to compel arbitration of Plaintiff's claims and to dismiss this case with prejudice. The Magistrate Judge recommends granting Defendants' motion for arbitration but staying, rather than dismissing, this case while arbitration takes place. Plaintiff filed objections. Defendants filed a response.

## II. Standard of Review

The district court must "conduct[] a plain error review of the portions of the R&R to which neither party offers specific objections and a de novo review of the Magistrate Judge's findings to which [a party] specifically objects." *United States v. McIntosh*, 2019 WL 7184540, at *3 (N.D. Ga. Dec. 26, 2019); *see* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the [R&R] to which objection is made."); *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (plain error review appropriate in absence of objection). "Parties

filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). After conducting the required review, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. Discussion

"A party who attempts to compel arbitration must show that a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope." *InterGen N.V. v. Grina*, 344 F.3d 134, 142 (1st Cir. 2003); *see Cmty. State Bank v. Strong*, 485 F.3d 597, 619 (11th Cir. 2007) (same);[1] *Johnson v. Carter*, 2012 WL 666089, at *4 (M.D. Ala. Feb. 13, 2012) (same). Only the second element is disputed here: whether Defendants can invoke the arbitration clause despite their status as non-signatories to the Agreement. The Magistrate

---

[1] The Eleventh Circuit later vacated *Strong* but only to consider an unrelated issue en banc—which it ultimately never did. *See* 508 F.3d 576 (11th Cir. 2007); 565 F.3d 1305 (11th Cir. 2009).

Judge found (1) the parties must arbitrate whether Defendant LVNV can invoke the clause; (2) the Court need not reach whether Defendant Resurgent can invoke the clause; and (3) this case should be stayed pending arbitration. Plaintiff's sole objection is to the first finding. The Court sustains Plaintiff's objection but concludes Defendant LVNV *can* invoke the arbitration clause—so the Court still agrees with the Magistrate Judge that arbitration is required here. The Court also agrees with and adopts the Magistrate Judge's other findings.

### A. Whether Defendant LVNV can Invoke the Arbitration Clause

The Agreement says the parties to the Agreement ("you or we") can invoke the arbitration clause.[2] The Agreement defines those parties as Plaintiff and "Credit One Bank, N.A., its successors or assigns."[3] The Magistrate Judge concluded an arbitrator—rather than a court—must decide whether Defendant LVNV falls within this definition. The Court

---

[2] (*See* Dkt. 12-2 at 42 ("You and we agree that either you or we may, without the other's consent, require that any controversy or dispute between you and us (all of which are called 'Claims'), be submitted to mandatory, binding arbitration.").)

[3] (*See* Dkt. 12-2 at 38 ("The words 'you,' 'your' and 'Cardholder(s)' refer to all persons, jointly and severally, authorized to use the Card Account; and 'we,' 'us,' 'our,' and 'Credit One Bank' refer to Credit One Bank, N.A., its successors or assigns.").)

5

disagrees. The Court further finds, upon its own review, that Defendant LVNV falls within the definition of a party to the Agreement (and can invoke the arbitration clause).

### 1. The Court Must Decide Whether Defendant LVNV is a Party to the Agreement

"Under the Federal Arbitration Act, parties to a contract may agree that an arbitrator rather than a court will resolve disputes arising out of the contract." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 527 (2019). Parties can agree to arbitrate any dispute, including whether a dispute is covered by the arbitration clause in the first place—that is, whether the dispute is "arbitrable." *See id.* ("[P]arties [can] agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions as well as underlying merits disputes."). Parties can even agree to arbitrate the question of *who decides* the arbitrability of a dispute. *See id.* ("[T]he question of who decides arbitrability is itself a question of contract."); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) ("Just as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, so the question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about *that* matter."). But "whether the parties

have submitted a particular dispute to arbitration, *i.e.*, the question of arbitrability, is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (emphasis omitted).

The Agreement here provides for "mandatory, binding arbitration" of certain disputes, including disputes about "the application, enforceability or interpretation of this Agreement, including th[e] arbitration provision." (Dkt. 12-2 at 42.) The Magistrate Judge thought this language "clearly and unmistakably" makes the arbitrator responsible for deciding whether Defendant LVNV counts as a party to the Agreement (within the meaning of "Credit One Bank, N.A., its successors or assigns"). (Dkt. 29 at 9–12.) The Court disagrees.

"[A] delegation clause granting authority to an arbitrator to decide issues of application, enforceability, or interpretation [is] only applicable to the parties of the agreement." *In re Midland Credit Mgmt., Inc. Tel. Consumer Prot. Litig.*, 2019 WL 398169, at *6 (S.D. Cal. Jan. 31, 2019). As a result, "the Court must first decide which parties are bound by the delegation clause[] before the arbitrator can determine the applicability, enforceability, and interpretation of the arbitration agreement[]." *Id.* In

7

other words, "the threshold issue of whether the delegation clause is even applicable to a certain party must be decided by the Court," not the arbitrator. *Soto v. Am. Honda Motor Co.*, 946 F. Supp. 2d 949, 954 (N.D. Cal. 2012); *see Barbosa v. Midland Credit Mgmt., Inc.*, 2019 WL 3781629, at *4 (D. Mass. July 3, 2019) ("[E]ven though the arbitration provision at issue here contains a delegation clause as to the 'applicability' of the arbitration provision, this court is still tasked with evaluating whether the defendants fall within the terms of the provision at all.").[4]

This result is clear on the face of the Agreement.  Specifically, the Agreement requires arbitration of all claims arising between "you" (Plaintiff) and "us" (Credit one and its successor and assigns). (Dkt. 12-

---

[4] *See also Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 n.1 (2006) ("[W]hether any agreement between the alleged obligor and obligee was ever concluded . . . is for courts to decide."); *Howsam*, 537 U.S. at 84 ("[A] gateway dispute about whether the parties are bound by a given arbitration clause raises a question of arbitrability for a court to decide."); *Barbosa v. Midland Credit Mgmt.*, Inc, 981 F.3d 82, 93 n.13 (1st Cir. 2020) (even though the arbitration clause said "claims regarding the applicability of this arbitration clause or the validity of the entire Agreement, shall be resolved exclusively and finally by binding arbitration," this was not "clear and unmistakable evidence that the parties intended an arbitrator to determine whether the [non-signatory] parties attempting to enforce the arbitration provision had the requisite authority to do so").

2 at 42.) If Defendant LVNV is not an "us," it may not enforce Plaintiff's agreement to arbitrate. Nothing in the Agreement suggests the parties intended an arbitrator to make this decision.

This result also makes sense. "[A]rbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648–49 (1986); *see Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 302 (2010) ("[A] court may submit to arbitration only those disputes that the parties have agreed to submit."). The Court cannot say parties contractually agreed to send a dispute to arbitration (including a dispute over their relationship to the contract) until the Court first determines whether they entered the into contract at all. *See China Minmetals Materials Imp. & Exp. Co. v. Chi Mei Corp.*, 334 F.3d 274, 288 (3d Cir. 2003) ("[A] contract cannot give an arbitral body any power, much less the power to determine its own jurisdiction, if the parties never entered into it."). To do otherwise, at least on our facts, would assume an answer to the very question being sent to the arbitrator to resolve. *See Allstate Ins. Co. v. Toll Bros., Inc.*, 171 F. Supp. 3d 417, 424 (E.D. Pa. 2016) ("When one party contends that an agreement to

arbitrate was never formed, looking to the text of that very agreement is problematic because the agreement is only a valid indicator of the parties' intent if they agreed to be bound by its terms."). Neither Defendants nor the Magistrate Judge cite any authority requiring that illogical result. And the Court sees none. The Court therefore holds that it, not the arbitrator, must determine whether Defendant LVNV is a party to the Agreement (who can thus invoke the arbitration clause).

### 2. Defendant LVNV is a Party to the Agreement

The Agreement defines the contractual parties as Plaintiff and "Credit One Bank, N.A., its successors or assigns." Defendant LVNV says it falls within this language because (1) it was ultimately assigned Credit One's interest in the Account and (2) it therefore counts as Credit One's "assign" and stands in the shoes of "Credit One Bank, N.A." The Court agrees.

It is undisputed that Credit One assigned Plaintiff's Account to MHC Receivables, LLC, which assigned it to FNBM, LLC, which assigned it to Sherman Originator III LLC, which assigned it to Sherman Originator LLC, which then assigned it to Defendant LVNV. (*See* Dkts. 12-2 at 3–4; 17 at 13; 20 at 8 n.10.) This makes Defendant LVNV an

10

assignee of Credit One's interest in Plaintiff's Account or, as the Agreement puts it, an "assign" of Credit One.

Contrary to Plaintiff's assertion, the fact that Defendant LVNV is Credit One's *downstream* assignee, rather than its *immediate* assignee, does not make it any less of an "assign." The Agreement imposes no restrictions on what kind of "assign" counts. The use of the possessive pronoun "its" in reference to Credit One certainly does not do so. Indeed, the Agreement clearly contemplates multiple assignments and successors by using the plural form to convey those concepts ("successor<u>s</u> or assign<u>s</u>"). If the parties intended the Agreement to include only Credit One's immediate assign or successor, they would not have used plural words. The Court is obviously not free to add such a restriction on its own. *See All Star Bonding v. State*, 62 P.3d 1124, 1125 (Nev. 2003) ("[N]either a court of law nor a court of equity can interpolate in a contract what the contract does not contain.").[5]

---

[5] The Agreement says it is "governed by and interpreted in accordance with the laws applicable to national banks, and, where no such laws apply, by the laws of the State of Nevada." (Dkt. 12-2 at 40; *see id.* at 42 ("This arbitration provision . . . shall be governed by, and enforceable under, the Federal Arbitration Act . . . and (to the extent State law is applicable), the State law governing this Agreement."); Dkt. 17 at 11 ("Nevada state law applies in this case.").)

11

And, perhaps most tellingly, courts have already held that a downstream assignee counts as Credit One's "successor or assign" under the very contract at issue here. *See Oyola v. Midland Funding, LLC*, 295 F. Supp. 3d 14, 18–19 (D. Mass. 2018) ("It is clear from the language of the Cardholder Agreement that 'us' includes 'assigns,' and therefore, as evidenced by the . . . Assignments from Credit One to Sherman and Sherman to Defendant, Defendant has the authority to enforce the Arbitration Agreement as the current owner of the Account."); *Harris v. Midland Credit Mgmt., Inc.*, 2016 WL 475349, at *1–2 (D.N.J. Feb. 8, 2016) (downstream purchaser of Credit One's interest in plaintiff's account was Credit One's "successor or assign.").

Defendant LVNV is also a party to the Agreement for another reason. "It is well established that an assignee stands in the shoes of the assignor and succeeds to all rights of the assignor." *Interim Capital LLC v. Herr Law Grp., Ltd.*, 2011 WL 7047062, at *6 (D. Nev. Oct. 21, 2011); *see Kostelac v. Allianz Glob. Corp. & Specialty AG*, 517 F. App'x 670, 675–76 (11th Cir. 2013) ("An assignee stands in the same position as its assignor had stood."). Because Credit One assigned Plaintiff's Account to Defendant LVNV (albeit indirectly through a string of intermediary

12

assignees), Defendant LVNV "does in fact stand in [Credit One's] shoes as its assignee and now has all the same rights regarding [Plaintiff's] account as [Credit One] had when the Cardmember Agreement was formed." *Barbosa*, 981 F.3d at 90. "And because of that, in the wake of the assignment, [Defendant LVNV] becomes, as [Credit One] once was, the [party] referred to in the arbitration provision." *Id.*

That is true even though Defendant LVNV is a downstream assignee. *See id.* at 93 (defendant "was authorized . . .to enforce the arbitration provision" because it was an assignee of the signatory's direct assignee). Indeed, in another case involving the same contract, the same defendant, and a similar string of assignments, a court held that "LVNV, as Credit One's ultimate assignee, can assert the same rights against [Plaintiff] as Credit One could have asserted[,] . . . includ[ing] the right to compel arbitration." *Holland v. Lvnv Funding, LLC*, 2016 WL 6156187, at *9 (W.D. Ky. Oct. 21, 2016). This was because, "[w]hen a creditor assigns its right to receive payment on an outstanding debt, the assignee stands in the shoes of the assignor with respect to the debt." *Id.*[6]

---

[6] If Plaintiff were right that downstream assignees acquire no rights under the Agreement, she could presumably ignore her obligations

13

Ultimately, no matter how you slice it—whether Defendant LVNV is Credit One's "assign," whether it stands in for "Credit One Bank, N.A." directly, or whether it is both—Defendant LVNV is a party to the Agreement and can thus invoke the arbitration clause against Plaintiff. This means Defendant LVNV can require Plaintiff to arbitrate (1) the merits of her claims against Defendant LVNV or (2) whether those claims are arbitrable in the first place if there is any other dispute about that.[7]

### B. Whether Defendant Resurgent Can Invoke the Arbitration Clause

Defendant Resurgent claims that, even though it is not a party to the Agreement, it can invoke the arbitration clause under the doctrine of

---

(including repayment obligations) under the Agreement once it is assigned a few times. That makes no sense, which further weakens Plaintiff's argument. *See Reno Club v. Young Inv. Co.*, 182 P.2d 1011, 1017 (Nev. 1947) ("A contract should not be construed so as to lead to an absurd result.").

[7] Plaintiff claims Defendant LVNV cannot *both* stand in for "Credit One Bank, N.A." *and* count as Credit One's "assign" because that would create surplusage in the contractual phrase "Credit One Bank, N.A., its successors or assigns." (Dkt. 17 at 13.) The Court rejects this argument. *See Barbosa*, 981 F.3d at 89–90 (rejecting the argument that a defendant "can't be both [the signatory's] assignee and standing in for [the signatory] itself" in an arbitration agreement). But, even if Plaintiff were right, the Court's conclusions still function as *alternative* grounds for holding Defendant LVNV is a contractual party here.

equitable estoppel.[8] The Magistrate Judge found the Court is authorized to answer that question. But he thought doing so premature because the issue could become moot. The reason he thought that is complicated. But, basically, Defendant LVNV plans to arbitrate whether *it* can compel Plaintiff to arbitrate her claims against Defendant Resurgent. (*See* Dkt. 29 at 8, 12.) Defendant LVNV is allowed to try that because (1) it can invoke the arbitration clause (as explained above); (2) the arbitration clause covers "Claims that relate directly to [Defendant LVNV's] affiliated company" and "Claims for which [Defendant LVNV] may be directly or indirectly liable"; (3) Defendant LVNV thinks Plaintiff's claims against Defendant Resurgent fall within that definition because Defendants are affiliated with one another and the complaint essentially alleges they engaged in joint and concerted misconduct; and (4) the arbitration clause authorizes an arbitrator to resolve that argument

---

[8] Defendant Resurgent suggests in passing that it *is* a party to the Agreement. (*See, e.g.*, Dkt. 35 at 2, 6, 12 & n.3; *but see* Dkt. 12-1 at 17 (Defendants referring to Defendant LVNV as a "signatory," but Defendant Resurgent as a "nonsignatory," to the Agreement).) But it never really develops that argument or objects to the Magistrate Judge's contrary finding. So the Court need not address the issue. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it.").

15

because it delegates to an arbitrator any disputes about "the application, enforceability or interpretation" of the Agreement, including the arbitration clause itself. (Dkt. 12-2 at 42; *see also* Dkts. 12-1 at 15–17; 20 at 12 ("Because Plaintiff's claims against LVNV are based entirely on the alleged conduct of Resurgent and LVNV has a right to invoke arbitration, the claims against Resurgent must also be compelled to arbitration.").) If Defendant LVNV's argument is successful before the arbitrator, Defendant Resurgent's ability to independently compel Plaintiff to arbitrate her claims would not really matter because those claims would already be subject to arbitration.

The Magistrate Judge concluded it was "unnecessary to address" Defendant Resurgent's ability to "invoke the arbitration clause by itself" because the issue "may never be relevant depending on the arbitrator's findings." (Dkt. 29 at 14.) The Magistrate Judge further concluded that, "[i]n the event that the arbitrator finds that . . . LVNV/'Credit One' is not contractually entitled to compel arbitration of the jointly asserted claims against itself and Resurgent, then the parties should be able to return to this Court to address any remaining issues of arbitrability of any

16

non-party claims under third party beneficiary and/or estoppel theories." (*Id.*) No one objects to these conclusions. The Court thus adopts them.

### C. Whether to Stay or Dismiss this Case

The Magistrate Judge found this case should be stayed, rather than dismissed, because there may be other issues for the Court to resolve pending the outcome of arbitration. (Dkt. 29 at 15.) The Magistrate Judge further found that the parties should provide the Court with regular updates about the status of the arbitration while the stay is in place. (*Id.*) Again, no one objects to these conclusions. So the Court adopts them. *See* 9 U.S.C. § 3 (authorizing courts to stay a case "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration").

## IV. Conclusion

Plaintiff's Objections (Dkt. 31) are **SUSTAINED** and the Magistrate Judge's Non-Final Report and Recommendation (Dkt. 29) is **ADOPTED AS MODIFIED** in this Order. Defendants' Motion to Compel Arbitration (Dkt. 12) is **GRANTED IN PART** and **DENIED IN PART.** It is granted to the extent Defendant LVNV seeks to compel arbitration, denied without prejudice to the extent Defendant Resurgent

17

seeks to compel arbitration, and denied to the extent it seeks dismissal of this case.

This action is **STAYED** and **ADMINISTRATIVELY CLOSED** pending the outcome of arbitration.  The Court **ORDERS** the parties to provide the Court with status updates on their arbitration (1) every three months after the entry date of this Order and (2) within fourteen days after any final order on the merits or any other order on the issue of arbitrability.  Failure to comply with these instructions could result in dismissal of this case (without further warning).

**SO ORDERED** this 1st day of February, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE